*United States v. Crute*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand sixteen.**

PRESENT:
    ROBERT A. KATZMANN,
      *Chief Judge*,
    ROBERT D. SACK,
    PETER W. HALL,
      *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

  v.            No. 15-2099

ROBERT DARIN CRUTE,

    *Defendant-Appellant*.

---

For Appellee:        Emily Berger, Hiral D. Mehta, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:                                    Colleen P. Cassidy, Federal Defenders of
                                                                        New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of

New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the sentence of the district court is **VACATED,** and the case is remanded for

resentencing consistent with this order.

Defendant-Appellant Robert Darin Crute appeals from a judgment of conviction entered

on June 19, 2015, by the United States District Court for the Eastern District of New York

(Irizarry, *J.*), revoking Crute's supervised release and imposing a five-year prison sentence. We

assume the parties' familiarity with the underlying facts, procedural history, and issues on

appeal.

Crute principally argues that the district court committed plain error by relying on an

incorrect Guidelines range—an error that neither party noticed at the time—when imposing his

sentence. Specifically, Crute argues that the U.S. Probation Office ("Probation") erroneously

calculated his Guidelines range based on a mistaken assertion that his criminal history category

was VI, when it was actually IV, which resulted in a higher Guidelines range. The district court

relied on the erroneous Guidelines range when imposing Crute's sentence. The government

agrees that Probation erroneously stated Crute's criminal history category, and it further agrees

that the case should be remanded for resentencing because the district court's reliance on the

erroneous Guidelines calculation constitutes plain error.

We likewise conclude that the case should be remanded in light of this undisputed plain

error. *See United States v. Wernick*, 691 F.3d 108, 113–14 (2d Cir. 2012); *see also Molina-*

*Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016) ("In most cases a defendant who has

2

shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome."); *id.* at 1347 ("The Government remains free to 'poin[t] to parts of the record'—including relevant statements by the judge—'to counter any ostensible showing of prejudice the defendant may make.'" (alteration in original) (quoting *United States v. Vonn*, 535 U.S. 55, 68 (2002))). And because we are remanding for resentencing based on this undisputed procedural error, we need not reach Crute's other arguments regarding the reasonableness of his sentence. *See United States v. Williams*, 524 F.3d 209, 214 (2d Cir. 2008).

For the reasons stated herein, the sentence of the district court is **VACATED,** and the case is remanded for resentencing consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3